contractor, or whether the employment is casual or intermittent, as long as the hiring is in connection with a trade or business (cf. *Ludwig v Lowe,* 29 AD2d 267, affd 25 NY2d 853). The wrong, however, is in the hiring and liability may not be imposed upon the parents of the employed infant because they permitted or acquiesced in the hiring of their son by another. Furthermore, the statute does not provide a basis for recovery by a plaintiff other than the employed infant, for the third person is not within the class of persons the statute was designed to protect (see *Koenig v Patrick Const. Corp.,* 298 NY 313; *Moyer v Lo Jim Cafe,* 19 AD2d 523, affd 14 NY2d 792; 1 NY PJI2d 150–155; Restatement, Torts 2d, § 286). (Appeal from order of Steuben Supreme Court—negligence.) Present—Marsh, P. J., Simons, Mahoney, Goldman and Witmer, JJ.

■    THOMAS P. O'GRADY, Respondent, v DIVERSIFIED EARTH SCIENCES, INC., et al., Appellants. (Appeal No. 1.)—Order unanimously affirmed, with costs. Memorandum: Defendants, Diversified Earth Sciences, Inc. (DES), and C.C.O. Equipment, Inc. (CCO), appeal from a denial of their motion for summary judgment, which seeks to dismiss the second cause of action of plaintiff's complaint. The circumstances which are the basis of this controversy involve the merger of CCO, a closely held corporation of which the plaintiff was the chief executive officer and controlling stockholder, with DES. As consideration for his interest in CCO plaintiff received DES stock and an employment contract. Plaintiff has been discharged, and in the second cause of action he asks for rescission of the "reorganization and merger agreement", and seeks to be restored to his prereorganization status. Defendants, in their answer, allege that the discharge of the plaintiff was justified and deny, in essence, that the employment contract and the merger agreement are so related that a breach of the former could give plaintiff any right to rescind the latter. It is the defendants' contention that by their terms the employment contract and the merger agreement refute, as a matter of law, the plaintiff's claim "that continued employment was so much a root and substance of the basic over-all agreement, that its breach was a failure of consideration allowing a recission". The supporting affidavits demonstrate that the parties are in substantial disagreement as to their respective understandings at the inception of the agreements. "There is no hard and fast rule on the subject of rescission, for the right usually depends on the circumstances of the particular case" *(Callanan v Keeseville, Ausable Chasm & Lake Champlain R. R. Co.,* 199 NY 268, 284). (See, also, *Buffalo Bldrs. Supply Co. v Reeb,* 247 NY 170.) In a case strikingly similar to the instant one, involving a merger agreement and an employment contract, the Court of Appeals stated the applicable principle as follows: "Whether the parties intended to treat both agreements as mutually dependent contracts, the breach of one undoing the obligations under the other, is a question of fact. In determining whether contracts are separable or entire, the primary standard is the intent manifested, viewed in the surrounding circumstances (cf. *Ripley v. International Rys. of Cent. Amer.,* 8 N Y 2d 430, 437–438; see 6 Williston, Contracts [3d ed.], § 863)." *(Rudman v Cowles Communications,* 30 NY2d 1, 13.) Special Term stated that although plaintiff's ability to succeed on the rescission cause of action may be tenuous, there nevertheless are questions of fact which require a denial of defendants' motion. We agree with this determination. (Appeal from order of Onondaga Supreme Court—summary judgment.) Present—Marsh, P. J., Simons, Mahoney, Goldman and Witmer, JJ.

■    THOMAS P. O'GRADY, Respondent, v DIVERSIFIED EARTH SCIENCES,

INC., et al., Appellants. (Appeal No. 2.)—Appeal withdrawn upon stipulation. (Appeal from order of Onondaga Supreme Court—examination before trial.) Present—Marsh, P. J., Simons, Mahoney, Goldman and Witmer, JJ.

■ In the Matter of LINDA LEWIS, Respondent, v JOHN CROSSON, Appellant.—Order unanimously reversed and vacated, without costs, and petition remitted to Family Court, Erie County, for a hearing and determination. Memorandum: On January 31, 1973 an order was entered in Family Court, Erie County, directing respondent to pay $40 per week for the support of his four minor children in California. In February, 1974 that court's collector of such payments petitioned the court, alleging that respondent had failed to make such payments and was in arrears in the sum of $1,930, and asking the court to deal with respondent in accordance with section 454 of the Family Court Act. That section provides that if the court, after granting a hearing, "is satisfied by competent proof that the respondent has failed to obey any such order", it may "(a) commit the respondent to jail for a term not to exceed six months, if the failure was willful." Section 433 of the Family Court Act provides that upon return of the summons on such a petition, "the court shall proceed to hear and determine the case. The respondent shall be informed of the contents of the petition, advised of his right to counsel and shall be given the opportunity to be heard and to present witnesses." On the return date of the summons on this petition the court advised respondent of his right to an adjournment to obtain counsel; and respondent asked for such adjournment and the matter was adjourned for four days. On the adjourned date respondent's counsel advised him and the court that he "couldn't make it". The court acknowledged receiving such advice, but told respondent that he was entitled only to the one adjournment, and without more ordered him committed to the Sheriff for confinement in the county penitentiary for three months, subject to paying $500 to the court Probation Department immediately. The court turned a deaf ear to respondent's request for a further adjournment even until that afternoon, and closed the "hearing". Respondent appeals from the order entered that day on that determination. The statutory provision requiring the court to advise a respondent of his right to counsel implies that the court will give respondent and his retained counsel reasonable opportunity to appear and present respondent's evidence and arguments. The record shows that the court flatly violated this provision on the adjourned date. Moreover, the court also violated the mandate of the statute by adjudicating that respondent had willfully disobeyed the order of January 31, 1973, although the court had not given respondent an opportunity, with or without his attorney, to be heard and present his witnesses, including himself, on the question of his ability to pay in accordance with the terms of the order, and his willful disobedience thereof. Such action by the court was arbitrary and unjudicial. The order must, therefore, be reversed and vacated; and the petition is remitted to Family Court, Erie County, for a hearing and determination in accordance with the prescribed statutory procedure. (Appeal from order of Erie County Family Court—support.) Present—Marsh, P. J., Simons, Mahoney, Goldman and Witmer, JJ.

■ In the Matter of the Estate of MICHAEL VUKICH, Deceased.—Decree unanimously reversed, on the law and facts, with costs, and probate directed. Memorandum: On July 27, 1972 testator, 78 years of age, executed a will leaving his entire estate to a friend. On August 18, 1972, while hospitalized with a terminal illness, he executed another will leaving his